# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| CREATIVE INTERNET ADVERTISING CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> YAHOO! INC. <br> Defendant. | CIVIL ACTION NO. 6:07-cv-00354 <br><br> JURY DEMANDED |

## YAHOO! INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, Yahoo! Inc. ("Yahoo"), by and through its undersigned attorneys, answers the Second Amended Complaint ("Complaint") of Plaintiff, Creative Internet Advertising Corporation ("CIAC"), and asserts its affirmative defenses and counterclaims as follows:

### JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

**RESPONSE:**

Yahoo admits that CIAC, in its Complaint, alleges patent infringement under Title 35 of the United States Code and seeks injunctive relief and damages. Yahoo denies any remaining allegations in this paragraph and expressly denies any infringement of the asserted patent.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

**RESPONSE:**

Yahoo admits that this Court has subject matter jurisdiction over the allegations raised in the Complaint and that CIAC asserts patent infringement in its Complaint. Yahoo denies any

remaining allegations in this paragraph and expressly denies any infringement of the asserted patent.

3. Plaintiff Creative Internet Advertising Corporation is a Delaware corporation and is located in Newport Beach, California.

**RESPONSE:**

Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations.

4. Defendant Yahoo! Inc. is a Delaware corporation with its principal office in Sunnyvale, California.

**RESPONSE:**

Yahoo admits that it is a Delaware corporation with a place of business in Sunnyvale, California. Yahoo denies any remaining allegations in this paragraph.

5. On information and belief, Defendant's products that are alleged herein to infringe are made, used, imported, offered for sale and/or sold in the Eastern District of Texas.

**RESPONSE:**

Yahoo expressly denies any infringement of the asserted patent, and Yahoo is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph. However, as noted below, Yahoo does not contest jurisdiction or venue in this action.

6. This Court has personal jurisdiction over Defendant because Defendant has committed acts of infringement in this district; does business in this district; and/or has systematic and continuous contacts in this district.

**RESPONSE:**

Yahoo does not contest that this Court has personal jurisdiction over Yahoo for purposes of this action. Yahoo denies any remaining allegations in this paragraph and expressly denies any infringement of the asserted patent by Yahoo.

## VENUE

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b), because Defendant is deemed to reside in this district. In addition, and in the alternative, Defendant has committed acts of infringement in this district and Defendants has regular and established places of business in this district.

**RESPONSE:**

Yahoo does not contest venue of this action in the Eastern District of Texas. Yahoo denies any remaining allegations in this paragraph and expressly denies any infringement of the asserted patent.

## INFRINGEMENT OF U.S. PATENT NO. 6,205,432

8. Plaintiff incorporates paragraphs number 1 through 7 herein by reference.

**RESPONSE:**

Yahoo incorporates by reference each of its responses to paragraphs 1-7 as though fully set forth herein.

9. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271 *et seq*.

**RESPONSE:**

Yahoo admits that CIAC's Complaint purports to set forth a cause of action arising under the patent laws of the United States. Yahoo denies any remaining allegations in this paragraph and specifically denies that its actions give rise to a cause of action for infringement under the patent laws.

10. Plaintiff Creative Internet Advertising Corporation is the exclusive owner and licensee of United States Patent No. 6,205,432 with rights to enforce the Patent and sue infringers.

**RESPONSE:**

Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies those allegations.

11. A copy of United States Patent No. 6,205,432, titled Background Advertising System is attached to Plaintiff's First Amended Complaint as Exhibit A (Doc. No. 32-2).

**RESPONSE:**

Yahoo admits that a purported copy of United States Patent No. 6,205,432, titled Background Advertising System was attached to Plaintiff's First Amended Complaint as Exhibit A. Yahoo denies any remaining allegations in this paragraph.

12. The '432 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

**RESPONSE:**

Denied.

13. On information and belief, Defendant Yahoo! Inc. has infringed and continues to infringe on the '432 Patent by making, using, importing, offering for sale and/or selling products among other things, covered by one or more claims of the '432 Patent, including, but not limited to, Yahoo Mail.

**RESPONSE:**

Denied.

14. On information and belief, Defendant contributorily infringed one or more claims of the '432 Patent and continues to contributorily infringe one or more claims of the '432 Patent pursuant to 35 U.S.C. § 271 in the United States, including in this judicial district.

**RESPONSE:**

Denied.

15. On information and belief, Defendant has induced others to infringe one or more claims of the '432 Patent and continues to induce others to infringe one or more claims of the '432 Patent, pursuant to 35 U.S.C. § 271 in the United States, including in this judicial district.

**RESPONSE:**

Denied.

16.     Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

**RESPONSE:**

Denied.

17.     Defendant's infringement is willful because Defendant has in the past, and presently continues to infringe as alleged herein, with knowledge of the '432 patent.

**RESPONSE:**

Denied.

18.     This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

**RESPONSE:**

Denied.

19.     Plaintiff has complied with 35 U.S.C. § 287.

**RESPONSE:**

Yahoo is without knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph, and therefore denies those allegations.

20.     Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

**RESPONSE:**

Denied.

**PRAYER FOR RELIEF**

These paragraphs set forth the prayer for judgment requested by CIAC to which no response is required. Yahoo denies that CIAC is entitled to any of the requested relief and denies any allegations set forth in these paragraphs.

**AFFIRMATIVE DEFENSES**

**AFFIRMATIVE DEFENSE NO. 1**
**NON-INFRINGEMENT OF U.S. PATENT NO. 6,205,432**

1. Yahoo has not infringed, directly or indirectly, and is not infringing, directly or indirectly, any valid and enforceable claim of United States Patent No. 6,205,432.

**AFFIRMATIVE DEFENSE NO. 2**
**INVALIDITY OF U.S. PATENT NO. 6,205,432**

2. U.S. Patent No. 6,205,432 is invalid for failure to comply with one or more of 35 U.S.C. §§ 102, 103, and 112.

**AFFIRMATIVE DEFENSE NO. 3**
**LACHES/ESTOPPEL**

3. CIAC's claims for relief are barred in whole or in part by the equitable doctrines of laches and/or estoppel.

**YAHOO'S COUNTERCLAIMS AGAINST CIAC**

1. Defendant and Counterclaim-Plaintiff, Yahoo! Inc. ("Yahoo"), is a Delaware corporation with a place of business at 701 First Avenue, Sunnyvale, CA 94089.

2. As plead in its Second Amended Complaint ("Complaint"), Plaintiff Creative Internet Advertising Corporation ("CIAC") is a Delaware corporation located in Newport Beach, California.

3. Yahoo's counterclaims arise under the United States patent laws, 35 U.S.C. § 100 *et seq.* and the provisions for declaratory judgment under 28 U.S.C. §§ 2201-2202.  As a result of CIAC's Complaint, an actual and justiciable controversy exists between Yahoo and CIAC.

4. The Court has subject matter jurisdiction over Yahoo's counterclaims based on 28 U.S.C. §§ 1331 and 1338 (a) and (b).

5. CIAC is subject to personal jurisdiction in this District based upon its filing of the Second Amended Complaint against Yahoo in this Court.

6. Venue is proper in this judicial district based on 28 U.S.C. §§ 1391 and 1400.

## COUNTERCLAIM NO. 1
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,205,432

7. Yahoo repeats and incorporates by reference paragraphs 1-6 above as though fully set forth herein.

8. Yahoo asks the Court to declare that Yahoo has not committed any acts of infringement of U.S. Patent No. 6,205,432.

## COUNTERCLAIM NO. 2
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,205,432

9. Yahoo repeats and incorporates by reference paragraphs 1-8 above as though fully set forth herein.

10. Yahoo asks the Court to declare that U.S. Patent No. 6,205,432 is invalid for failure to comply with one or more of 35 U.S.C. §§ 102, 103, and 112.

## REQUEST FOR RELIEF

Yahoo respectfully requests that the Court enter judgment against Plaintiff and award Yahoo the following relief:

(a) That the Court dismiss, with prejudice, CIAC's Complaint against Yahoo;

(b) That the Court award CIAC nothing by way of its Complaint against Yahoo;

(c) That the Court declare that Yahoo has not infringed, directly or indirectly, and is not infringing, directly or indirectly, U.S. Patent No. 6,205,432;

(d) That the Court declare that the claims of U.S. Patent No. 6,205,432 are invalid;

(e) That the Court enjoin CIAC from charging or asserting infringement of any claim of U.S. Patent No. 6,205,432 against Yahoo or anyone in privity with Yahoo;

(f) That Yahoo be awarded its reasonable costs, expenses, and attorneys' fees in this action, as this is an exceptional case; and

(g) That Yahoo be awarded further relief as the Court may deem just and proper.

## JURY DEMAND

Yahoo hereby requests trial by jury on all issues triable of right by jury.

Dated:  May 16, 2008               Respectfully submitted,

**BRINKS HOFER GILSON & LIONE**

 /s/ Christopher T. Sukhaphadhana
Laura Beth Miller (lmiller@usebrinks.com)
Jason C. White (jwhite@usebrinks.com)
Stephanie J. Felicetty (sfelicetty@usebrinks.com)
Christopher Sukhaphadhana (cts@usebrinks.com)
NBC Tower - Suite 3600
455 N. Cityfront Plaza Drive
Chicago, IL 60611
Telephone: (312) 321-4200
Fax: (312) 321-4299

Michael E. Jones (mikejones@potterminton.com)
Potter Minton, A Professional Corporation
110 North College, Ste. 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Fax: (903) 593-0846

*Attorneys for Defendant Yahoo! Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 16th day of May, 2008, with an electronic copy of YAHOO! INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).


                /s/   Christopher T. Sukhaphadhana