IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CREATIVE INTERNET ADVERTISING CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:07cv354 |
| YAHOO! INC. | § § § | |
| Defendant. | § | |

**DEFENDANT YAHOO! INC.'S MOTION TO STRIKE TESTIMONY
FROM PLAINTIFF'S TECHNICAL EXPERT AND GRANT JUDGMENT AS A
MATTER OF LAW OF NON-INFRINGEMENT**

Defendant Yahoo! Inc. ("Yahoo") hereby moves for judgment of non-infringement as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure on grounds that the Court should strike the infringement testimony of plaintiff Creative Internet Advertising Corporation's ("CIAC") technical expert because it was not included in his expert report. Without this testimony CIAC would have failed to establish that every claim limitation was met, and Yahoo would be entitled to judgment as a matter of law due to a failure of proof.

**I.     INTRODUCTION**

Yahoo moves[1] to strike the infringement testimony of CIAC's technical expert, David Klausner, because this testimony included opinions that were not included in his expert reports. On the fifth and final day of trial, Mr. Klausner provided testimony about how the "overwrite authorization" limitation of claim 45 is met by the writing of data into

a buffer in Yahoo's accused system. (White Dec., Ex. 3, Trial Tr. vol. 5, p. 20-26, May 15, 2009.) This was a new theory of infringement that was not included in Mr. Klausner's expert reports and was only revealed to Yahoo for the first time at trial. Mr. Klausner admitted this fact during his cross examination. (White Dec., Ex. 3, Trial Tr. vol. 5, 40:18-41:12.) Yahoo timely objected to this testimony as violating the Court's limine ruling expressly preventing the experts in the case from offering opinions not included in their expert reports. (White Dec., Ex. 3, Trial Tr. vol. 5, 3:8-24.) Both parties filed motions in limine in advance of trial seeking to prevent the experts in this case from testifying to opinions not included in their expert reports. On April 21, 2009, the Court granted these motions. (Dkt. 174, 2 and 4, April 21, 2009.) Yahoo was materially prejudiced by Mr. Klausner's new trial testimony regarding CIAC's "buffer" infringement theory. Absent such testimony, Yahoo is entitled to JMOL of non-infringement.

## II.     FACTUAL BACKGROUND

Mr. Klausner provided his expert report on infringement on January 21, 2009. (White Dec., Ex. 1, p. 38.) Mr. Klausner's expert report only included passing references to the "overwrite authorization" limitation and it did not specifically explain how that limitation is met by Yahoo's accused product. (*Id*. at 18-27.) However, one fact that is indisputable is that Mr. Klausner's expert report did not even mention the word "buffer." Needless to say, it did not include any description, let alone a detailed description of how the "overwrite authorization" limitation of claim 45 could be satisfied by the writing of data into a buffer in Yahoo's accused product. Since trial, Yahoo's attorneys have

---

[1] Alternatively, Yahoo is at least entitled to a new trial under Rule 59, as described in Yahoo's Motion for a New Trial.

reviewed Mr. Klausner's report and performed an electronic search on a PDF version of the report to confirm that the word "buffer" does not appear anywhere in the report.

Mr. Klausner provided a purported "Supplement" to his prior expert report on March 10, 2009. (White Dec., Ex. 2, pg. 20.) This "report" consisted of three short paragraphs authored by Mr. Klausner and 19 ½ pages of deposition testimony quoted from Mr. Chris Szeto's deposition and from the deposition of a Yahoo 30(b)(6) designee. Mr. Klausner's reasons for including these numerous pages of testimony in his "Supplement" was that they "further support the opinions contained in my opening expert report . . . including my opinion that Yahoo Messenger meets all of the limitations of claim 45 of U.S. Patent No. 6,205,432 . . . ." (White Dec., Ex. 2, p. 1.)

As noted above, Mr. Klausner's opening expert report on infringement did not offer any opinion about infringement that was based, in any way, on writing data into a buffer. Further, Mr. Klausner's supplement did not contain any such opinion. The supplement did not even mention the word "buffer." As such, Mr. Klausner's "Supplement" failed to include a detailed description of how the "overwrite authorization" limitation of claim 45 could be satisfied by the writing of data into a buffer. Yahoo's attorneys have reviewed Mr. Klausner's supplement and performed an electronic search on a PDF version of the supplement to confirm that the word "buffer" does not appear anywhere in the report.

In advance of trial, both parties filed motions in limine seeking to prevent the experts in this case from testifying to opinions not included in their expert reports. On April 21, 2009, the Court granted these motions specifically limiting the testimony of the

experts to only the opinions expressly provided in their expert reports.  (Dkt. 174, pg. 2, and 4, April 21, 2009.)

On May 12, 2009, during the second day of trial, Mr. Klausner provided his direct testimony about Yahoo's alleged infringement of claim 45.  (*See generally*, White Dec., Ex. 3, Trial Tr. vol. 2, 161-227, May 12, 2009.)  At no time during his testimony did he provide any opinion that Yahoo's alleged infringement, in any way, involved the writing of data into any type of buffer.  *Id*.  In fact, Mr. Klausner did not even mention the word "buffer" during his testimony.  *Id*.  Yahoo's attorneys have reviewed a copy of the transcript and the word index provided by the court reporter and have also performed an electronic search of his testimony to confirm that the word "buffer" does not appear anywhere in his testimony.

However, on the fifth and final day of trial, Mr. Klausner, for the first time, provided testimony that the "overwrite authorization" limitation is met in the accused Yahoo system when certain data is "overwritten" in a buffer on a user's computer. (White Dec., Ex. 3, Trial Tr. vol. 5, 20-26, May 15, 2009.)  This was the first mention of a "buffer" by Mr. Klausner because it was a new infringement theory that CIAC created during trial after the testimony of Yahoo's technical expert established that CIAC's original infringement theories were not credible.  During his cross examination, Mr. Klausner even admitted that this was the first time that he mentioned a buffer.  (White Dec., Ex. 3, Trial Tr. vol. 5, 40:18-41:12.)  Yahoo timely objected to Mr. Klausner's new opinions.  (White Dec., Ex. 3, Trial Tr. vol. 5, 3:8-24.)

### III.   LEGAL STANDARD FOR A JUDGMENT AS A MATTER OF LAW

Judgment as a matter of law (JMOL) is appropriate where "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not

have a legally sufficient evidentiary basis to find for the party on that issue . . . ." FED. R. CIV. P. 50(a)(1).  For a non-moving party to survive a JMOL motion,

> there must be a conflict in substantial evidence to create a jury question.  Substantial evidence is defined as evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions.  Consequently, a mere scintilla of evidence is insufficient to present a question for the jury.

*Gaia Techs., Inc. v. Recycled Prods. Corp.*, 175 F.3d 365, 374 (5th Cir. 1999) (quoting *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 993 (5th Cir. 1996) (en banc)); *see also Price v. Marathon Cheese Corporation,* 119 F.3d 330, 333 (5th Cir. 1997).

### IV.     ARGUMENT

Under FED. R. CIV. P. 26 and 37, an expert may not extend his direct testimony beyond his opinions and the bases disclosed in his Rule 26(a)(2)(B) report.  *See Atmel Corp. v. Information Storage Devices, Ltd.*, 189 F.R.D. 410, 411 (N.D. Cal. 1999) (permitting an expert to testify only in a manner consistent with his opinions as expressed in his expert report and supplemental report).  Rule 26 requires that an expert expected to testify at trial provide a report that must contain "a complete statement of all opinions the witness will express and the basis and reasons for them . . . ." FED. R. CIV. P. 26(a)(2)(B).  Expert reports must be "detailed and complete" because their purpose is "to avoid the disclosure of 'sketchy and vague' expert information." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996) (citing 1993 Advisory Comm. Notes to FED. R. CIV. P. 26(a)(2)); *see also Atmel*, 189 F.R.D. at 415.  Further, Rule 26(a)(2) "imposes an additional duty to disclose information concerning expert testimony <u>sufficiently in advance of trial</u> [so] that opposing parties have a <u>reasonable opportunity to prepare</u> for effective cross-examination and perhaps arrange for expert testimony from

other witnesses." FED. R. CIV. P. 26(a)(2), 1993 Advisory Comm. Notes (emphases added).

For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures are due under Rule 26(a)(3). FED. R. CIV. P. 26(e)(2). Thus, if there are any additions or changes to information or opinions that an expert has previously disclosed, the expert must supplement his report no later than the submission of the pretrial disclosures. *See Brumley v. Pfizer, Inc.*, 200 F.R.D. 596, 603-04 (S.D. Tex. 2001) (precluding the use of an expert's untimely affidavit in support of a summary judgment motion to the extent that it went beyond the opinions in his expert report, and precluding any other opinions not contained in the expert's Rule 26 report). A testifying expert's initial report and any supplementation thereto should disclose the complete and detailed statements of all opinions to be expressed during direct testimony.

When an expert's testimony exceeds the scope of the opinions set forth in his Rule 26(a)(2)(B) report, that testimony can be excluded under FED. R. CIV. P. 37(c)(1):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

FED. R. CIV. P. 37(c)(1); *see also* FED. R. CIV. P. 26(a)(2), 1993 Advisory Comm. Notes ("Revised Rule 37(c)(1) provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed"). Thus, when an expert fails to disclose the basis for his opinions and

"then springs the opinion and its basis on opposing counsel on the eve of trial," a district court may exclude the expert's testimony. *Graziani v. Star* C. *Trucking, Inc.*, No. 94-7124, 1996 WL 79975, at *9-10 (E.D. Pa. Feb. 22, 1996) (citation omitted) (excluding expert's testimony as to certain surveillance videos as untimely and because the opposing party had no warning that the expert would testify about these videos).

The Federal Rules of Civil Procedure do not permit an expert in direct examination to rely on more than what he has disclosed in his Rule 26(a)(2)(B) report. *Atmel,* 189 F.R.D. at 416 (observing that "[t]o allow now [the expert] to testify on direct examination to matters deliberately ignored in his Rule 26(a)(2)(B) report would simply encourage litigants to evade the expert-disclosure rules"). This includes any new work the expert may have done after the close of discovery and before trial. *Id.* at 411.

Here, Mr. Klausner provided opinion testimony on a critical issue in this case – infringement by Yahoo's Messenger program – that extends beyond what was included in his expert reports. Mr. Klausner's expert reports contained no opinion about infringement that involved any type of buffer.

Further, CIAC has not offered any basis for why Mr. Klausner's failure to describe his "buffer" infringement theory before trial was "substantially justified or harmless." FED. R. CIV. P. 37(c)(1). In fact, CIAC cannot do so because Mr. Klausner's new infringement theory was the only offered basis for liability in this case. Nothing could be more unjustified or harmful to Yahoo.

Further, because Mr. Klausner's "buffer" theory of infringement was not offered until the last day of trial, Yahoo did not have any chance to rebut his claims. In fact, Mr. Klausner was the last witness to testify at trial. This resulted in an unusual situation

where the patentee was unfairly entitled to present a theory of liability after the close of both parties case-in-chief, which insulated that theory from being tested or challenged. This contortion of trial procedure was not justified, particularly given Mr. Klausner's expert witness status. If the "buffer" theory really was his infringement theory, then it should have been disclosed in his expert report, his supplemental expert report, or at least offered on direct examination during the plaintiff's case-in-chief. Thus, the decision to only disclose this opinion for the first time at the end of trial was not justified or harmless.

CIAC did not reveal its ultimate infringement theory until day five, the final day, of the trial, when Mr. Klausner testified for the first time and without warning that Yahoo's infringement resulted from the writing of data into a buffer. Mr. Klausner's testimony regarding this was not properly stated in his expert reports as required by Rule 26. Indeed, it was not even mentioned in his expert reports. Yahoo was materially prejudiced by this testimony, and this testimony should be stricken. If this testimony is properly excluded, as it should be, then CIAC failed to establish infringement as a matter of law and judgment should be granted in favor of Yahoo.[2]

## V.   CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Yahoo respectfully requests that the Court strike Mr. Klausner's testimony regarding CIAC's infringement theory that is based upon writing of data into a buffer because any such opinions were not included in the his pre-trial expert reports. Absent this testimony, Yahoo would be entitled to JMOL of non-infringement or

---

[2] Mr. Klausner's testimony about the buffer in Yahoo accused system is the only "evidence" CIAC attempted to introduce concerning the "overwrite authorization" limitation. As fully explained in Yahoo's Motion for Judgment as a Matter of Law of Non-Infringement, even that "evidence" is not "substantial evidence" that could support the infringement verdict because it disregards the Court's claim constructions.

in the alternative a new trial under Rule 59, which request is the subject of a separate motion. Therefore, Yahoo prays this Court grant this motion and order judgment as a matter of law that Yahoo did not infringe.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 15, 2009 |       /s/ Jason White       |

Henry C. Bunsow
Brian A. Smith
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105-2708
(415) 848-4900
(415) 848-4999 (fax)
bunsowh@howrey.com
smithbrian@howrey.com

Jason C. White
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60654
(312) 846-4680
(312) 595-2250 (fax)
whitej@howrey.com

Otis W. Carroll, Jr.
Deborah J. Race
Ireland, Carroll & Kelley, P.C.
6101 S. Broadway Suite 500
Tyler, TX 75703
(903) 561-1600
(903) 581-1071
fedserv@icklaw.com
drace@icklaw.com
*Attorneys for Yahoo! Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system this 15th day of July, 2009.

           /s/ Jason White      
                Jason White