**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **CREATIVE INTERNET ADVERTISING CORPORATION,** § § § | |
| **Plaintiff,** § § | **CIVIL ACTION NO. 6:07cv354** |
| v. § § | |
| **YAHOO! INC., et al.,** § § | |
| **Defendants.** § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Yahoo! Inc.'s ("Yahoo") Motion for Judgment as a Matter of Law of Invalidity ("Motion") (Doc. No. 275).[1] Plaintiff Creative Internet Advertising Corporation ("Creative") has filed a Response in Opposition to Defendant Yahoo! Inc.'s Motion for Judgment as a Matter of Law of Invalidity and Plaintiff's Motion to Strike the Expert Report of Benjamin Goldberg ("Response") (Doc. No. 294). Defendant has also filed a Reply to CIAC's Response to Yahoo's Motion for Judgment as a Matter of Law of Invalidity ("Reply") (Doc. No. 281). Having considered the parties' arguments, the Court hereby **DENIES** Defendant's Motion.

## BACKGROUND

On July 26, 2007, Plaintiff filed the instant action against Defendant Yahoo! Inc., alleging infringement of claim 45 of U.S. Patent No. 6,205,432 ("the '432 patent"). COMPLAINT (Doc. No. 1) at 1–3. Claim 45 discloses:

> 45. A computer program embodied on a computer readable medium for inserting a background reference to a stored advertisement into an

---

[1] On May 29, 2009, Defendant originally filed its Motion for Judgment as a Matter of Law of Invalidity (Doc. No. 244). However, the Court ordered both parties to re-submit a number of post-trial filings (Doc. No. 271).

>   end user communication message, said computer program comprising:
>   > logic configured to receive an end user communication message from a first site;
>   > logic configured to insert a background reference to a stored advertisement into said end user communication message, wherein said logic configured to insert the background reference is further configured to insert said background reference responsive to an overwrite authorization; and
>   > logic configured to transmit said end user communication message with the background reference to a second site.

'432 patent at 21:38–39, 22:1–14 (claim 45).

On May 15, 2009, a jury found that claim 45 of the '432 patent was valid and willfully infringed by Defendant Yahoo, both literally and under the doctrine of equivalents. VERDICT FORM (Doc. No. 227). After the jury returned the verdict, Defendant filed the instant Motion arguing that it is entitled to judgment as a matter of law of invalidity of claim 45 of the '432 patent because claim 45 is anticipated by and obvious in light of the prior art. MOTION at 1–2.

## **LEGAL STANDARD**

### I.    **Judgment as a Matter of Law**

A renewed motion for judgment as a matter of law ("JMOL") is a challenge to the legal sufficiency of the evidence supporting the jury's verdict. *Power-One, Inc. v. Artesyn Tech., Inc.*, 556 F. Supp. 2d 591, 593 (E.D. Tex. 2008) (citing *Flowers v. S. Reg'l Physician Servs.*, 247 F.3d 229, 235 (5th Cir. 2001)). Rule 50 provides that judgment as a matter of law is appropriate if the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue. Fed. R. Civ. P. 50(a)(1). In ruling on a renewed motion for JMOL, the court

may allow judgment on the verdict, if the jury returned a verdict; order a new trial; or direct the entry of judgment as a matter of law. Fed. R. Civ. P. 50(b).

A jury's verdict may be overturned if, viewing the evidence and inferences therefrom in the light most favorable to the party opposing the motion, there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did.[2] *Guile v. United States*, 422 F.3d 221, 225 (5th Cir. 2005) (citing *Delano-Pyle v. Victoria County*, 302 F.3d 567, 572 (5th Cir. 2002)). The court may not make credibility determinations, nor weigh the evidence. *Power-One*, 556 F. Supp. 2d at 594 (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

## II. Invalidity: Anticipation

To invalidate patent claims based on prior art, the challenger to the patent must show by clear and convincing evidence that the earlier invention is prior art under section 102 and the earlier invention includes all elements, either explicitly or inherently, of the claims at issue. *See Netscape Commc'ns Corp. v. Konrad*, 295 F.3d 1315, 1320 (Fed. Cir. 2002); *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1327 (Fed. Cir. 2001). A claim is anticipated if "each and every limitation is found either expressly or inherently in a single prior art reference." *Seachange Intern., Inc. v. C-COR, Inc.*, 413 F.3d 1361, 1379 (Fed. Cir. 2005) (citing *Celeritas Tech., Ltd. v. Rockwell Int'l Corp.*, 150 F.3d 1354, 1361 (Fed. Cir. 1998)). Anticipation is a question of fact. *Id.* (citing *Advanced Display Sys., Inc. v. Kent State University*, 212 F.3d 1272, 1281 (Fed. Cir. 2000)).

---

[2]Because a motion for judgment as a matter of law is a procedural matter not unique to patent law, the law of the regional circuit controls. *Summit Tech., Inc. v. Nidek Co.*, 363 F.3d 1219, 1223 (Fed. Cir. 2004).

### III. Invalidity: Obviousness

Section 103 of the Patent Act requires that a patent be nonobvious to one skilled in the art at the time the patent issues. This section provides:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in [35 U.S.C. section 102], if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.

35 U.S.C. § 103. The relevant "question is not whether the combination was obvious to the patentee but whether the combination was obvious to a person with ordinary skill in the art." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S.398, 420 (2007).

The question of obviousness is a question of law premised on underlying findings of fact regarding: 1) the scope and content of the prior art; 2) differences between claims and prior art; 3) the level of ordinary skill in the pertinent art; and 4) secondary considerations. *Proctor & Gamble Co. v. Teva Pharmaceuticals USA, Inc.*, 566 F.3d 989, 994 (Fed. Cir. 2009) (citing *Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966)). The relevant secondary considerations that "might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented" in an obviousness determination include commercial success, long felt but unsolved needs, failure of others, and the presence or lack of some motivation to combine or avoid combining prior art teachings. *KSR*, 550 U.S. at 406. A challenger seeking to invalidate a patent as obvious must do so by clear and convincing evidence. *Proctor*, 566 F.3d at 994 (citing *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1361 (Fed. Cir. 2007)).

In *KSR*, the Supreme Court emphasized the need for courts to value "common sense" over "[r]igid preventative rules," *id.* at 1741–42, commenting that "[t]he obviousness analysis cannot be confined by a formalistic conception of the words teaching, suggestion, and motivation, or by overemphasis on the importance of published articles and the explicit content of issued patents," *id.* at 1741. The Court also noted the importance of an articulated reasoning regarding obviousness:

> Often, it will be necessary for a court to look to interrelated teachings of multiple patents; the effects of demands known to the design community or present in the marketplace; and the background knowledge possessed by a person having ordinary skill in the art, all in order to determine whether there was an apparent reason to combine the known elements in the fashion claimed by the patent at issue. To facilitate review, this analysis should be made explicit.

*Id.* at 1740–41 (internal citations omitted). In applying these principles, the Supreme Court in *KSR* indicated that "a patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art." *Id.* at 1741. In reviewing a jury verdict regarding obviousness, "the underlying findings of fact, whether explicit or presumed as necessary to support the verdict, are reviewed for substantial evidentiary support; and the ultimate question of obviousness is reviewed for correctness in law, based on the factual premises." *Cardiac Pacemakers, Inc. v. St. Jude. Med., Inc.*, 381 F.3d 1371, 1375 (Fed. Cir. 2004).

## **DISCUSSION**

Defendant argues that both International Publication No. WO 96/24213 ("the '213 application") and the Guide to Netscape Navigator Gold ("the Gold Guide") anticipate claim 45 of the '432 patent. MOTION at 4–5, 17–19. Defendant also argues that claim 45 is obvious in light of the '213 application because claim 45 is "merely a combination of known prior art elements, all of which operate in their ordinary and expected way in the '432 patent." *Id.* at 8–9. Finally, Defendant

argues that other prior art references invalidate the claim 45 of the '432 patent based on the Court's claim construction at trial. *Id.* at 17–18.

Plaintiff responds that Defendant fails to focus on the language of claim 45 and instead compares the prior art to the preferred embodiment. RESPONSE at 1. Plaintiff also argues that it is improper for Defendant to rely on Dr. Goldberg's report as evidence on a motion for judgment as a matter of law, and Plaintiff therefore requests that the Court strike the report. *Id.* Plaintiff further contends that the Court's construction of the terms "a" or "an" did not expand the scope of the relevant prior art, and even if it had, Defendant has failed to identify a single new prior art reference. *Id.* at 11–12.

## I.   Anticipation

### A.   The '213 Application

Defendant contends that the '213 application anticipates claim 45 of the '432 patent. MOTION at 4–5; *see generally id.*, EXH. 5.[3] Plaintiff argues that there was substantial evidence at trial to support the jury's finding that the '213 application did not anticipate claim 45, including portions of Plaintiff's technical expert, Mr. David Klausner's testimony. RESPONSE at 2–3. It was undisputed at trial that a short article ("the Williamson reference") describing the commercial implementation of the system described in the '213 application was before the patent examiner during prosecution of the '432 patent. RESPONSE at 4–5; *id.*, EXH. 6.[4]

---

[3]This exhibit is Defendant's Trial Exhibit number 93. Portions of this exhibit are also attached to Plaintiff's Response as Exhibit 5.

[4]This exhibit is Defendant's Trial Exhibit number 121. Portions of this exhibit are also attached to Defendant's Motion as Exhibit 7.

### 1.     Dr. Goldberg's Testimony

At trial, Defendant's technical expert, Dr. Benjamin Goldberg, indicated that he believed claim 45 of the '432 patent is anticipated by the prior art. Specifically, the following excerpt includes the relevant portions of his testimony on this issue:

> Q Dr. Goldberg, based on your review of the references that we've just been looking at, the '213 application, the '226 and the '162, do you have an opinion on whether or not the '432 patent Claim 45 is anticipated?
> A I do.
> Q And what's your opinion?
> A It was anticipated, or is anticipated.
> Q Is it anticipated by prior art that either the examiner didn't have in front of him or for which there is no indication it was considered?
> A Yes, these references.

*Id.*, EXH. 3, TRANSCRIPT OF TRIAL, MAY 14, 2009 ("DAY 4 TRANSCRIPT") at 169:25, 170:1–11.[5]

During cross examination, Dr. Goldberg explained that with respect to the overwrite authorization, he believed the '213 application met this limitation because the users signing up for the free email service are giving approval for the advertisements to be included in the email. DAY 4 TRANSCRIPT at 235:20–25, 236:1–25, 237:1–18. He added that if the user is willing to pay for the service, then no advertisements are shown. *Id.* at 237:14–18. The following excerpt includes Dr. Goldberg's testimony regarding advertisements being replaced:

> Q Okay. So that's the overwrite authorization is, if you get free

---

[5]The Court here cites to Plaintiff's version of the trial transcript because in Defendant's Motion, Defendant failed to cite to the transcript in support of its argument on this issue, with the exception of one citation regarding an argument Plaintiff made at trial. *See* MOTION at 6 (citing MOTION, EXH. 4). This is troubling because twice the Court ordered the parties to file post-verdict motions containing citations to the record. First, the Court issued a deadline for the parties to file post-verdict motions, which "shall contain citations to the record with the relevant portions of all attachments highlighted." (Doc. No. 231) Second, the Court subsequently ordered the parties to re-rile all post-verdict briefing "with proper citations to the transcript from trial in support of any and all factual assertions relied upon therein" and further noting that "all materials cited to in the remaining Post-Verdict Motions and subsequent briefing shall be attached as exhibits to the pertinent motion, with relevant portions highlighted" because the parties had failed to do so after the Court's first order. (Doc. No. 271).

> e-mail, you're saying I authorize you. What's getting overwritten there? Remember your discussion about something had to be replaced. What's getting replaced?
> A So in the e-mail, for example, if there are advertising already, that advertising will be overwritten.
> Q Now, wait a second. I get an e-mail, I open my e-mail. it's got an advertisement. I think we've established, based on your opinion, the next e-mail comes in, it doesn't overwrite that existing e-mail advertisement?
> A Oh, I agree with that completely. I'm talking about at the server.
> Q Okay. So you're saying one message comes into the server, has an advertisement. Where is that disclosed?
> A If you read this document, it's clear that if in fact something has been attached already as an advertisement, that one of skill would know that in order to attach the advertisement you need to replace the one that was there.
> Q Okay. I think that clears up the confusion. I've read it and I didn't find it. And then you said one of skill would know. So this is one of those ones where it's your interpretation of what this says?
> A Again, you know, I interpreted the words on the page, absolutely.

DAY 4 TRANSCRIPT at 237:19–25, 238:1–22.

### 2.     Mr. Klausner's Testimony

On the last day of trial, Plaintiff re-called Mr. Klausner to the stand to respond to Dr. Goldberg's testimony the previous day. At this point, Mr. Klausner testified that the '213 application was considered by the patent examiner during prosecution of the '432 patent. RESPONSE, EXH. 4, TRANSCRIPT OF TRIAL, MAY 15, 2009 ("DAY 5 TRANSCRIPT") at 29:25, 30:1–25, 31:1. He went on to explain that the '213 application discloses a system that appends an entire graphical file for the advertisement to the message, while claim 45 of the '432 patent does not send a file—it only includes a background reference to an advertisement stored elsewhere. *Id.* at 31:2–23. He also indicated that the '213 application does not disclose conditional insertion of background references, as claim 45 discloses, but conditional selection of advertisement files. *Id.* at 32:2–10.

As a result, Mr. Klausner testified that in his opinion, the '213 application did not anticipate claim 45. *Id.* at 31:24–25, 32:1.

Based on Dr. Goldberg's and Mr. Klausner's testimony, a reasonable jury could conclude that the '213 application failed to disclose the "overwrite authorization" limitation either 1) because the prior art system appends advertisement files instead of inserting background references to stored advertisements or 2) because the prior art system failed to disclose conditional insertion—disclosing instead conditional *selection* of advertisements.

### B.    The Gold Guide

Defendant also contends that, as a result of the Court's claim construction at trial, the Gold Guide also anticipates claim 45 of the '432 patent.  MOTION at 17–19; *id.*, EXH. 14.[6]

#### 1.    Dr. Goldberg's Testimony

While Defendant argues that the Gold Guide anticipates claim 45, and that this Court should grants its Motion for judgment as a matter of law based thereon, Defendant failed to cite to testimony elicited from Dr. Goldberg during trial on this issue.  Instead, Defendant cites to Dr. Goldberg's Expert Report (RESPONSE at 21 (citing *id.*, EXH. 1, ¶¶ 70–73)) and the Gold Guide (RESPONSE at 19 (citing *id.*, EXH. 14 at 120, 217)).  A renewed motion for judgment as a matter of law is a challenge to the legal sufficiency of the evidence supporting the jury's verdict.  *Power-One, Inc.*, 556 F. Supp. 2d at 593; *see also Pineda v. United Parcel Service, Inc.*, 360 F.3d 483, 486 (5th Cir. 2004) ("if reasonable persons could differ in their interpretations of the evidence, then the motion [for judgment as a matter of law] should be denied") (internal quotations omitted).

---

[6]This exhibit is Defendant's Trial Exhibit number 103.  Portions of this exhibit are also attached to Defendant's Motion as Exhibit 14.

As Plaintiff points out, Dr. Goldberg's Report was not evidence produced at trial.[7] RESPONSE at 1. Neither party cites to any testimony from the direct examination of Dr. Goldberg on the issue of whether the Gold Guide anticipates claim 45 of the '432 patent. *See* MOTION at 18–22; RESPONSE at 6–7; REPLY at 5. Upon its own review of the record, the Court is unable to identify any such testimony.[8] *See* DAY 4 TRANSCRIPT at 149:7–170:21. Dr. Goldberg did refer to "Netscape Navigator" as a "popular browser at the time []" early in his direct testimony. RESPONSE, EXH. 2, TRANSCRIPT OF TRIAL, MAY 14, 2009 ("DAY 3 TRANSCRIPT") at 332:15–25, 333:1–10. The Gold Guide was admitted into evidence at trial, and Dr. Goldberg was cross-examined on this prior art reference. While the Court has concerns regarding the sufficiency of the evidence to justify the instant Motion on the issue of the Gold Guide being an anticipating reference, the Court will nonetheless proceed with the analysis given the extensive briefing on the issue. During cross examination, Dr. Goldberg admitted that a background reference is always inserted—100% of the time—in a message. DAY 4 TRANSCRIPT at 243:18–24. However, it just is not always displayed.[9] *Id.*

---

[7] For this reason, Plaintiff requests that the Court strike Dr. Goldberg's Expert Report from the record. MOTION at 1. In its Reply, Defendant neither opposes Plaintiff's request, nor puts forth an explanation why Dr. Goldberg's Expert Report is properly before the Court on the Motion for JMOL. As a result, the Court will assume Defendant does not oppose the request. LOCAL RULE CV-7(d) ("[i]n the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition."). Therefore, the Court will not consider Dr. Goldberg's Expert Report for the purposes of the instant Motion.

[8] Moreover, Defendant's counsel represented to the Court during trial that the Gold Guide was offered only as a prior art reference under section 103—not as an anticipating reference. *Id.* at 314:24–25, 315:1–24. Defendant argues that "a passing, and ambiguous, comment by one of Yahoo's lawyer [sic] near the closer of trial [did not] waive[] any argument that the Netscape references are not invalidity prior art under [sic] with Section . . . 103." REPLY at 5 n.6. Defendant presents no further argument or analysis on this point.

[9] The extent of Dr. Goldberg's testimony on cross-examination on this issue is not lengthy. *See* DAY 4 TRANSCRIPT at 242:20–25, 243:1–24.

### 2. Mr. Klausner's Testimony

On the last day of trial, Plaintiff re-called Mr. Klausner to the stand to respond to Dr. Goldberg's testimony the previous day. At this point, Mr. Klausner testified that the Gold Guide was considered by the patent examiner during prosecution of the '432 patent. DAY 5 TRANSCRIPT at 27:15–24. Using a demonstrative, Mr. Klausner indicated that the Gold Guide always inserts a reference, while claim 45 requires conditional replacement. *Id.* at 27:25, 28:1–25, 29:1–20. For this reason, Mr. Klausner testified that in his opinion, the Gold Guide does not anticipate claim 45. *Id.* at 29:21–23.

Based on Dr. Goldberg's and Mr. Klausner's testimony, a reasonable jury could conclude that the Gold Guide does not anticipate claim 45 because the system disclosed by the Gold Guide always inserts a reference, while claim 45 requires conditional replacement, as Mr. Klausner testified.

## II. Obviousness

Defendant argues that the '213 application and the Gold Guide render claim 45 of the '432 patent obvious, as well. MOTION at 9, 23–24. Defendant also contends U.S. Patent No. 5,781,894 ("the '894 patent") renders claim 45 obvious in light of the other prior art references. *Id.* at 15.

### A. The '213 Application and the Gold Guide

Defendant argues that "[t]he '432 patent is obvious in light of the '213 application because it is merely a combination of known prior art elements, all of which operate in their ordinary and expected way in the '432 patent." MOTION at 9. Defendant further argues that claim 45 of the '432 patent is obvious in light of the Gold Guide because "it is merely a combination of known prior

11

art elements, all of which operate in their ordinary and expected way in the '432 patent." *Id.* at 23–24.

### 1. Dr. Goldberg's Testimony

At trial, Dr. Goldberg indicated that he believed claim 45 of the '432 patent is rendered obvious by the prior art. Specifically, he referred to the prior art references discussed above, and the following excerpt includes the relevant portions of his testimony on this issue:

> Q Now, do you have an opinion based on these references whether or not Claim 45 of the '432 patent is rendered obvious and therefore unpatentable?
> A I do.
> Q And what's your opinion?
> A That it's obvious.
> Q And is that opinion based on prior art, that the examiner either did not have in front of him or there is no indication it was considered?
> A Yes, including these references.

DAY 4 TRANSCRIPT at 170:12–21.

### 2. Mr. Klausner's Testimony

On the last day of trial, Plaintiff re-called Mr. Klausner to the stand to respond to Dr. Goldberg's testimony the previous day. The following excerpt includes the relevant portions of his testimony:

> Q I want to switch gears now and go to obviousness. Dr. Goldberg has contended that Claim 45 is obvious, so I want to make sure that we flush that out. Now, you're aware that if the references that are relied on to argue that the claim is obvious, if they don't disclose all the elements, then obviousness ends, you don't need to go any further; you would agree with that, right?
> A That's right.
> Q Now, we just went through the four references and that's all that they're relying on for obviousness. Do any of those references, if you combine them all, do they disclose all the elements in that claim?
> A No.

12

> Q You think that the obviousness inquiry should go any further?
> A I don't think so.
> Q All right. Well, even if it did, though, let's see what would happen. The obviousness inquiry did continue to the four references that Dr. Goldberg relies on, do they render Claim 45 obvious, in your opinion?
> A They do not.

DAY 5 TRANSCRIPT at 34:9–25, 35:1–7. Mr. Klausner then went on to explain how a number of secondary considerations of nonobviousness support this conclusion. *Id.* at 35:8–25, 36:1–14 (prior art taught away from claimed invention); *id.* at 36:15–25, 37:1–6 (both Defendant and an employee who worked on the IMVironments program received awards for work on IMVironments); *id.* at 37:7–25, 38:1–6 (Defendant called technology "revolutionary and innovative," three years after '432 patent application was filed); id at. 38:7–25, 39:1–15 (success of IMVironments program).

Based on Dr. Goldberg's and Mr. Klausner's testimony, a reasonable jury could conclude that the '213 application and the Gold Guide do not render claim 45 obvious because combined the references fail to disclose the overwrite authorization limitation of claim 45, as noted in the Court's previous discussion. Moreover, a reasonable jury could conclude that, even if there were a question of obviousness, the secondary considerations weighed in favor of a finding of non-obviousness.

### C. The '894 Patent

Defendant also argues that U.S. Patent No. 5,781,894 ("the '894 patent") discloses the "overwrite authorization" limitation of claim 45. MOTION at 15; *id.*, EXH. 11. While this exhibit was admitted as an exhibit, LIST OF YAHOO! INC.'S EXHIBITS ADMITTED AT TRIAL (Doc. No. 229) at 10, no testimony or other evidence related to this exhibit was presented at trial. *See* RESPONSE at 7–8. In the briefs, Defendant fails to cite to pertinent trial testimony or evidence that would make the '894 patent relevant to whether a reasonable jury could have come to the conclusion it did.

Further, Defendant fails to explain why the '894 patent is relevant to whether a reasonable jury could have come to the conclusion it did, given that the '894 patent did not come up during trial.[10] For these reasons, Defendant's argument fails to establish that a reasonable jury could find that the '894 patent renders claim 45 obvious in light of other prior art references. *See Hearing Components*, 2009 WL 593836 at *4 (noting that because certain prior art references were not submitted as obviousness references to the jury, it would not be appropriate to consider the references on a renewed motion for judgment as a matter of law).

### III. Scope of the Prior Art

Finally, throughout its papers, Defendant argues that the Court's claim construction at trial "expanded the scope of the relevant prior art." MOTION at 17; *see also id.* at 2 ("because of the Court's sua sponte decision to broaden the scope of the claim during trial . . ."); *id.* at 18 ("a host of new prior art exists that would invalidate claim 45 of the '432 patent under this claim construction"); *id.* at 23 ("the Court's *sua sponte* claim construction near the close of trial changed the scope of the claims"). However, as will be more fully explained in the Court's forthcoming Order on Defendant's Motion for a New Trial Under Rule 59 (Doc. No. 277), the Court's claim construction was neither untimely, nor did it expand the scope of the relevant prior art. Therefore, Defendant's argument to the contrary fails to provide a basis for further review of the jury's verdict.

### **CONCLUSION**

Thus, after reviewing the testimony of Mr. Klausner and Dr. Goldberg, and viewing the evidence and inferences therefrom in the light most favorable to Plaintiff, the Court cannot say that

---

[10] Interestingly, Defendant cites to U.S. Patent No. 6,892,226 ("the '226 patent") for the first time in its Reply as an anticipating reference. *See* REPLY at 1, 2 n.2. The '226 patent was the subject of testimony at trial. DAY 4 TRANSCRIPT at 159:21–25, 160–164. Yet, it is not the subject of argument in Defendant's Motion.

14

there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did here. Therefore, Defendant is not entitled to judgment as a matter of law.  For all the reasons stated above, Defendant Yahoo! Inc.'s ("Yahoo") Motion for Judgment as a Matter of Law of Invalidity ("Motion") (Doc. No. 275) is **DENIED**.

**So ORDERED and SIGNED this 29th day of July, 2009.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE